PEOPLE v PARISI

1. SEARCHES AND SEIZURES—AUTOMOBILES—INVESTIGATIVE STOP—REA-
   SONABLE BASIS.

   A conviction of possession of heroin is reversed where the initial
   stop of the automobile in which the defendant was a passenger
   was without a reasonable basis and all else leading to the
   defendant's conviction flowed from this initial stop.

2. SEARCHES AND SEIZURES—AUTOMOBILES—INVESTIGATIVE STOP—REA-
   SONABLENESS.

   Reasonableness is the test that is to be applied for both the stop
   of, and the search of moving motor vehicles; said reasonable-
   ness will be determined from the facts and circumstances of
   each case; fewer foundation facts are necessary to support a
   finding of reasonableness when moving vehicles are involved,
   than if a house or a home were involved; and a stop of a motor
   vehicle for investigatory purposes may be based upon fewer
   facts than those necessary to support a finding of reasonable-
   ness where both a stop and a search is conducted by the police.

3. ARREST—AUTOMOBILES—INVESTIGATIVE STOP—REASONABLE BASIS.

   A police officer did not have a reasonable basis to stop an
   automobile which was traveling at 25 mph in a 45-mph zone in
   the absence of a minimum speed requirement, erratic driving,
   interference with traffic, or some other reason of substance.

4. ARREST—SEARCHES AND SEIZURES—AUTOMOBILES—INVESTIGATIVE
   STOP—REASONABLE BASIS—ORDINANCES—CURFEW.

   A suspected violation of a curfew ordinance did not provide a
   police officer with a reasonable basis to stop an automobile
   where the curfew prohibitions do not apply to persons proceed-
   ing through the city in an automobile (Saline Municipal Code,
   § 11-2).

5. ARREST—SEARCHES AND SEIZURES—AUTOMOBILES—INVESTIGATIVE
   STOP—REASONABLE BASIS—EVIDENCE.

   There was no reasonable basis to stop an automobile because of a

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 5 Am Jur 2d, Arrest § 32.
    68 Am Jur 2d, Searches and Seizures §§ 39, 45.

police officer's alleged concern that the occupants of a car were sleeping or ill where no evidence was presented to support this concern except a speed of 25 mph in a 45-mph zone, and no testimony indicated the vehicle was operated in a manner posing a danger to person or property.

Appeal from Court of Appeals, Division 2, Danhof, P. J., and Holbrook and Bashara, JJ., affirming and remanding Washtenaw, Ross W. Campbell, J. Submitted September 13, 1974. (No. 19 September Term 1974, Docket No. 54,897.) Decided October 30, 1974.

46 Mich App 322 reversed.

John A. Parisi was convicted of possession of heroin. Defendant appealed to the Court of Appeals. Affirmed and remanded. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* First Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Roger L. Wotila),* for defendant on appeal.

M. S. COLEMAN, J. Defendant appeals the decision of the Court of Appeals affirming his conviction for possession of heroin. See 46 Mich App 322; 208 NW2d 70 (1973). We conclude that under the facts of this case, the initial stop of the automobile in which defendant was a passenger was without a reasonable basis. Because all else flowed from this initial stop, defendant's conviction is reversed.[1]

---

[1] *See People v Charles D Walker,* 385 Mich 565; 189 NW2d 234 (1971) *and People v Tisi,* 384 Mich 214; 180 NW2d 801 (1970).

The case comes to this Court after defendant has been released from prison and is on parole.

On October 27, 1969 a Saline police officer "observed a black 1963 Ford 2-door traveling west on Michigan Avenue at 3 a.m. in the morning". There were "four or five" occupants. The Ford traveled through the center of the city at the proper 25 mph speed with the officer following. It proceeded through a 35-mph zone at the same speed and continued at 25 mph into the 45-mph zone. The officer testified that he followed the automobile about one and one-half miles "[d]ue to the appearance of the occupants, they did appear young". He estimated them to be "16 to 18 years old, possibly younger."

After the automobile left the city limits, it was stopped by the officer. The reasons for the stop are summarized in this conversation between the court and the officer:

*"The Court:* Let me satisfy myself, if I may, on this. As I understand your testimony then, Officer, you are saying that the reason or reasons that you stopped this vehicle were two; first, that the vehicle was travelling at a speed of 25 miles per hour in a 25 *[sic]* mile an hour zone; secondly, that the age of the occupants of the vehicle as you observed them led you to suspect that one or more of them might be under the curfew age then in effect for the City of Saline, is that correct?

"*A.* Yes, sir, also for safety's sake, the occupants, they were travelling slowly, a possibility they were sleeping or ill."

As the officer approached the automobile, the driver rolled down the window. The officer "detected a strong odor of marijuana coming from the vehicle or suspected marijuana." The officer called for assistance and when it arrived the occupants of the automobile were ordered to line up outside the

car. While one officer searched the car, the other noticed defendant throw an object into a field. It was retrieved and ultimately found to contain 2/100ths of a gram of heroin.

Defendant claims error in allowing the officer's testimony concerning the marijuana smell in the car. He also claims error in the judge's failure to instruct the jury that they had to find a usable amount of heroin or the remnants of a usable amount to sustain the verdict of possession of narcotic drugs. Defendant further argues that the stop was improper under these circumstances and that the testimony and evidence should be suppressed because all else flowed from this stop.

It is the latter issue to which we address ourselves.

In *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), this Court clearly expressed the rules which "apply today with respect to stopping, searching and seizing of motor vehicles and their contents":

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police."

We recognize the enormity of the problem of narcotics control and the difficulties inherent in

the apprehension of offenders. There is necessarily some conflict between the need to apply realistic standards of law enforcement in such cases and the need to protect citizens from unreasonable intrusions into their privacy.

Here, three reasons were advanced as supporting the reasonableness of the stop. The first reason offered was that the car was going 25 mph in a 45-mph zone. Given the absence of a minimum speed requirement, erratic driving, interference with traffic or some other reason of substance, we must conclude that this alone was not sufficient to warrant a stop.

Second was a suspected violation of the Saline curfew ordinance.[2] Although the occupants of the car were all over 16, and the curfew applies to those under 16, such a miscalculation of age might be understandable. However, the curfew prohibitions do not apply to those proceeding through the city in an automobile. It can hardly be found that these persons were loitering, idling or congregating on the streets through which they drove.

Finally, the officer who stopped the car said that he was concerned that the occupants were "sleeping or ill." No physical observation was placed in evidence to support this concern excepting the 25-mph speed. There was no testimony indicating that the vehicle was operated in a manner posing a danger to person or property. Compare MCLA

---

[2] "(b) *Children under 16.* No minor under the age of sixteen (16) years shall loiter, idle or congregate in or on any public street, highway, alley or park between the hours of 12:00 midnight and 6:00 a.m., immediately following, except where the minor is accompanied by a parent or guardian, or some adult over the age of twenty-one (21) years delegated by the parent or guardian to accompany the minor child, or where the minor is upon an errand or other legitimate business directed by his parent or guardian." Saline Municipal Code, § 11-2.

257.626; MSA 9.2326³ and MCLA 257.626b; MSA 9.2326(2)⁴. The record does not afford sufficient indication that the reason expressed justified the stop of the automobile.

In good conscience we cannot find that, as a totality, the three stated concerns of the police provide a reasonable basis for the stop under the facts presented. Over the years, stops similar to that in this case have failed to satisfy the standards of this Court. In *People v Roache,* 237 Mich 215; 211 NW 742 (1927), defendant's car was stopped by a motorcycle policeman. The officer stopped the car because he "suspected the men because they looked suspicious to me: they were watching me as I passed, as I went on the road on the motorcycle". He also felt that "they were driving slower than an ordinary person, a person on the highway". A search of the car disclosed that defendant was illegally transporting intoxicants. In reversing the conviction, the Court, citing language from *People v Kamhout,* 227 Mich 172; 198 NW 831 (1924) indicated that the facts of *Roache* would not lead " 'a prudent and careful person, having due regard for the rights of others' to have reasonable and probable cause to believe that liquor was being unlawfully transported in defendant's automobile".

---

³ This statute reads in part:

"Any person who drives any vehicle upon a highway or a frozen public lake, stream or pond or other place open to the general public, including any area designated for the parking of motor vehicles, within this state, in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving."

⁴ This statute reads in part:

"Any person who operates any vehicle upon a highway or a frozen public lake, stream or pond or other place open to the general public including any area designated for the parking of vehicles in a careless or negligent manner likely to endanger any person or property, but without wantonness or recklessness, shall be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than 10 days or a fine of not more than $100.00, or both."

The stop in *People v Stein,* 265 Mich 610; 251 NW 788; 92 ALR 481 (1933), involved a taxicab in which defendant was riding. The officer's attention was drawn by the cab's speed ("about 32 miles per hour") and a motion by defendant (" 'as if he was taking something out of his pocket and putting it on the seat beside him' or behind him"). The Court said the record left "no doubt that the officers arrested defendants on general suspicion and not for a specific offense". The conviction was reversed because the "general suspicion that, perhaps, a crime is being committed by defendants does not justify an arrest".[5]

No "suspicious activity" has been offered here nor any testimony providing a reasonable basis for stopping the automobile. The factual foundations for the decisions in *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968) and *Adams v Williams,* 407 US 143; 92 S Ct 1921; 32 L Ed 2d 612 (1972) are not present here.

We conclude that the reasons given for the stop, considered in the totality of the circumstances, were not sufficient to warrant a stop of the automobile.

The Court of Appeals is reversed and the case is remanded for proceedings not inconsistent with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.

---

[5]*Also see People ex rel Attorney General v Lansing Municipal Judge,* 327 Mich 410; 42 NW2d 120 (1950). *Compare People v Kuntze,* 371 Mich 419; 124 NW2d 269 (1963); *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959) and *People v Zeigler,* 348 Mich 355; 100 NW2d 456 (1960).