**David Phillip TAGGART, et al., Plaintiffs,**

**v.**

**COUNTY OF MACOMB, et al., Defendants.**

Civ. No. 82–30014.

United States District Court,
E.D. Michigan, S.D.

June 14, 1982.*

David Phillip Taggart, pro per.

Frank M. Brochert, Detroit, Mich., for defendants County of Macomb, E. Lewis, M. Keehs, Ronald Fencyk, Vincent Powierski and Karen A. Liwienski.

Mark E. Blumer, Asst. Atty. Gen., Lansing, Mich., for defendants Wheeler and Baughman.

---

*This case, originally published at 540 F.Supp. 753, is republished to show the correct appearances of counsel.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is a civil rights action which arises out of events surrounding the arrest of plaintiff David Taggart on January 1, 1982. The matter is before the Court on defendants Wheeler and Baughman's motion to dismiss.

*Factual Background*

Defendants Wheeler and Baughman are Michigan State Troopers who, on January 1, 1980, came upon plaintiff David Taggart whose automobile was stuck in the snow on Interstate 94 in Macomb County. While waiting for a tow truck to assist the plaintiff, the troopers ran a routine Law Inforcement Information Network (LEIN) check on plaintiff's identification. The check resulted in a report that there was an outstanding arrest warrant for the plaintiff from the Macomb County Circuit Court. Thereupon the defendants placed plaintiff under arrest and transported him to the Macomb County Jail.

According to plaintiff's complaint, he "vociferously protested his arrest" and attempted to convince the officers that the aforementioned warrant had in fact been dismissed nearly two years previous. (Complaint, ¶ 12). Notwithstanding plaintiff's protests, the officers proceeded to arrest him.

As evidenced by the attached exhibits to plaintiff's complaint, on March 2, 1979, Judge Kenneth Sanborn of the Macomb County Circuit Court issued an arrest warrant for plaintiff David Taggart for his refusal to satisfy certain legal obligations in connection with the divorce action of *Taggart v. Taggart,* File No: D70–1420. (Exhibit # 1). Subsequently, on May 15, 1980, Judge Sanborn issued a Wage Assignment Order which appears to have judicially resolved plaintiff's earlier failure to

meet his legal obligations. (Exhibit # 2). Due to some apparent administrative oversight, however, the arrest warrant which was issued for plaintiff in 1979 was never cancelled or removed from the *LEIN* Computer.

Defendant Wheeler and Baughman have moved to dismiss plaintiff's complaint against them on the ground that they are shielded from liability by a qualified immunity which should be applied in this case. Having considered the matter, the Court agrees.

*Discussion*

In *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967) the Supreme Court held that "the defense of good faith and probable cause ... available to [police] officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983." The Court elaborated upon this holding in *Scheuer v. Rhodes,* 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1691–1692, 40 L.Ed.2d 90 (1974) wherein it declared that "it is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of ... officers for acts performed in the course of official conduct." *See also Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). In the present case the Court is convinced that the defendant troopers acted with reasonable grounds and in good faith in arresting the plaintiff.

M.C.L.A. § 764.15(1)(e) provides that:

Sec. 15. (1) A peace officer may, without a warrant, arrest a person in the following situations:

.    .    .    .    .

(e) When the peace officer has received positive information by written, telegraphic, teletypic, telephonic, radio, or other authoritative source that another peace officer holds a warrant for the arrest.

It is admitted by plaintiff that the defendants ran a LEIN check and that this check revealed an outstanding warrant for the plaintiff. (Complaint, ¶ 11). In accordance with the above statute, the Court finds that a LEIN check is an authoritative source upon which law enforcement officers may justifiably rely in making an arrest.

As the Supreme Court held in *Whiteley v. Warden,* 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306 (1971), a case in which police officers similarly relied upon a radio bulletin in making an arrest:

"We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause."

While the Court in *Whiteley* went on to hold that the evidence procured by the arresting officers was subject to the exclusionary rule since the underlying warrant was void *ab initio,* the Court's statement on the reasonableness of the arresting officers' conduct is certainly applicable to this case.

Also directly on point is the Michigan Court of Appeals decision in *People v. Bell,* 74 Mich.App. 270, 253 N.W.2d 726 (1977). The facts of *Bell,* as relevant to this case, were concisely stated in the Court's opinion:

"Early in the evening of August 22, 1974, while on routine patrol duty in the city of Ecorse, police officers Raymond Smith, Alvin Demings and Jimmie King spotted defendant driving a four-door Oldsmobile. At the time, defendant was not speeding or violating any laws. However, Officer Smith had run a license plate check on defendant's car several days earlier when he had observed the car parked in front of a known drug house and found there was an outstanding traffic warrant against defendant. A radio call, sometimes known as a LEIN check, was made and a response

received that the warrant was still outstanding for failure to pay a traffic ticket fine. Unbeknownst to the officers, the traffic ticket had been paid earlier that day. Promptly, the officers pulled their car in front of the Oldsmobile which was then stopped."

*Id.* The Court went on to decide the question—"Was the stop of the automobile unreasonable because it was based on incorrect information in the *LEIN* system?" It reasoned:

"Conceding that a police stop on the basis of an outstanding warrant is reasonable, even if knowledge of the warrant comes second-hand through the LEIN system, defendant argues that when the LEIN system is in error the stop is no longer reasonable. In support of this assertion *Whiteley v. Warden*, 401 U.S. 560 [91 S.Ct. 1301, 28 L.Ed.2d 306] (1971), is cited. In that case a patrolman, relying on information transmitted over the state radio network that there was an outstanding warrant for petitioner, stopped and then searched petitioner's car. Subsequently it was found that the warrant had been issued without probable cause. We find *Whiteley* distinguishable. There, unlike the instant case, the warrant relied upon by the arresting officer was not supported by probable cause and was invalid ab initio. The *Whiteley* situation is similar to *People v. Parisi*, 393 Mich. 31 [222 N.W.2d 757] (1974), where the initial stop of the vehicle was without a reasonable basis. But, in the instant case, the warrant was based on probable cause and was valid from the beginning. In *People v. Dixon*, 392 Mich. 691 [222 N.W.2d 749] (1974), the Supreme Court stated that a police officer may rely on information transmitted by radio from another police officer examining an official record. Since the patrolling Ecorse officer had a right to rely on the information which, in turn, was based on a valid warrant, the officers had a reasonable basis on which to make the stop.

*Id.* Just as in *Bell*, the troopers in the instant case had a right to rely on the information received through *LEIN*, and therefore a reasonable basis on which to arrest the plaintiff.

Based on the foregoing, the Court holds, as a matter of law, that absent actual knowledge that an arrest warrant is no longer valid or in effect, it is reasonable for a law enforcement officer to make an arrest based upon information received through the *LEIN* system.

It would unduly hamper law enforcement to require officers to go beyond, or attempt to independently verify, information received through the *LEIN* system. Incidents such as the present are certainly unfortunate, however, the medicine of placing unreasonable burdens on officers in the field puts a "strangehold" on law enforcement without effectively treating the disease. *Accord., Whiteley v. Warden, supra.*

*Conclusion*

For the reasons stated herein, the Court finds that defendants Wheeler and Baughman acted reasonably and in good faith in arresting plaintiff David Taggart and that they are therefore immune from civil liability under § 1983 and the common law. *Pierson v. Ray, supra.* Accordingly, the Court hereby GRANTS the motion of defendants Wheeler and Baughman, thereby dismissing them from this action.

IT IS SO ORDERED.