STATE of Iowa, Appellant,

v.

Bruce ROSENSTIEL, Appellee.

No. 90–371.

Supreme Court of Iowa.

July 17, 1991.

Rehearing Denied Sept. 18, 1991.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., William McNertney, County Atty., and David C. Skilling, Asst. County Atty., for appellant.

T.J. Braunschweig, Algona, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

The State petitioned for discretionary review after the district court suppressed evidence obtained in a prosecution for operating while intoxicated. We granted the petition and transferred the case to the court of appeals. On a vote of two-to-one, that court affirmed the suppression order. We then granted the State's petition for further review and now vacate the court of appeals opinion, reverse the district court, and remand for further proceedings.

Just before one o'clock in the morning on Saturday, November 11, 1989, police sergeant Dale Briggs was on patrol in the vicinity of the Pasttimes Lounge in Algona. He observed a car with a single occupant

drive from one side of the tavern's parking lot to the other. He then saw the driver stop the car and, with headlights on and motor running, extend his arm out the driver's window and pour liquid out of a red and white Budweiser can.

Officer Briggs parked his patrol car behind the vehicle and approached it on foot. The driver of the vehicle, defendant Bruce Rosenstiel, got out of his car and walked towards him. Briggs observed Rosenstiel swaying and detected the strong odor of an alcoholic beverage. Rosenstiel admitted, when asked, that he had been drinking and acknowledged that it was beer he had been pouring out of the can. Several field sobriety tests were administered; Rosenstiel failed all of them. He was then placed under arrest for OWI. *See* Iowa Code § 321J.2 (1989). A subsequent intoxilyzer test revealed a blood/alcohol level of .235.

Prior to trial on the OWI charge, Rosenstiel moved to suppress all evidence stemming from his encounter with Officer Briggs. The district court sustained the motion on the ground the officer had no reasonable cause to justify an investigatory stop of Rosenstiel's vehicle. It is this ruling, and the court of appeals' affirmance of it, that the State now challenges.

■ I. It is axiomatic that the Constitution's protection against unreasonable searches and seizures comes into play only upon a showing that a person's liberty has been restrained by the State through "physical force or show of authority." *State v. Harlan*, 301 N.W.2d 717, 719 (Iowa 1981) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889, 905 n. 16 (1968)). Thus the State's first argument is that Officer Briggs' initial encounter with Rosenstiel did not amount to a "seizure" warranting analysis of Rosenstiel's rights under federal and state constitutional law. The court of appeals determined that this argument was waived, however, by the State's failure to raise the issue at the suppression hearing. Nor was the issue mentioned in the State's petition for discretionary review.

In its petition for further review to this court, the State concedes its failure to preserve error but urges us to rule that "when a fourth amendment issue arises, the issue of whether the fourth amendment was triggered is obviously a predicate question and thus always preserved." The State cites no authority for this proposition and we are not inclined to embrace it. We have long held that a party who fails to alert the district court to its contentions at trial cannot thereafter rely on those contentions to seek reversal on appeal. *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984); *State v. Hansen*, 286 N.W.2d 163, 165–66 (Iowa 1979). To hold otherwise would seriously undercut the district court's original jurisdiction. Because the State conceded the propriety of a *Terry* analysis at trial, it is bound by that record on appeal.

■ II. Our law is well settled that the police may stop and briefly detain a person for investigative purposes if the officer has "*reasonable cause* to believe a crime may have occurred." *State v. Scott*, 409 N.W.2d 465, 468 (Iowa 1987) (emphasis added); *State v. Lamp*, 322 N.W.2d 48, 51 (Iowa 1982). To meet this reasonable cause standard, the State must tender "specific and articulable" facts supporting the stopping officer's belief that crime may be afoot. *Lamp*, 322 N.W.2d at 51. The officer is bound by the true reasons given for the stop. *Id.; United States v. Jones*, 759 F.2d 633, 642 (8th Cir.), *cert. denied*, 474 U.S. 837, 106 S.Ct. 113, 88 L.Ed.2d 92 (1985). And although a mere suspicion or "hunch" will not do, the reviewing court may evaluate the stop's validity based on "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628–29 (1981)); *Jones*, 759 F.2d at 642.

■ The record made at the suppression hearing reveals that Officer Briggs' observation triggered his suspicion of two possible crimes in progress: (1) violation of the open container law, Iowa Code § 123.28 and (2) operating while intoxicated, Iowa Code § 321J.2. Both the district court and the court of appeals focused solely on the

open container prohibition. Each court found the record inadequate to support an investigatory stop because the offense prohibits possession of open liquor containers on public streets and highways only. Since Rosenstiel was on private property at all relevant times, the officer could have no reasonable belief that a violation of the open container law was occurring.

The OWI statute is, of course, not so restrictive. Its reach extends to drivers on both public and private property in this state. *State v. Miller*, 204 N.W.2d 834, 837 (Iowa 1973). Officer Briggs testified that Rosenstiel's act of pouring beer out of the car window struck him as sufficiently unusual to prompt further inquiry about whether "he was all right to drive if he was planning on going out on the roadway."

Rosenstiel insists the officer's suspicion is without reasonable basis in the record. He reasons that because the mere act of pouring liquid from a red and white can onto a parking lot is not illegal, neither can it be suggestive of criminal activity. If it were, he contends, good citizens emptying beverage cans at the recycling center could be subject to the intrusion of a *Terry*-type stop.

We agree that for a stop to be valid, the officer must be acting on facts directly relating to a suspect's guilt, and not just on circumstances which describe a very broad category of predominantly innocent persons. *Jones*, 759 F.2d at 643. Seemingly innocent activities may, however, combine with other factors to give an experienced law enforcement officer reason to suspect wrongdoing. *See Sokolow*, 490 U.S. at 8, 109 S.Ct. at 1586, 104 L.Ed.2d at 11 (paying $2100 in cash for airplane tickets not illegal but sufficiently out of the ordinary to warrant reasonable suspicion when combined with other indicia of drug trafficking); *Lamp*, 322 N.W.2d at 51 ("unusual conduct" furnishes basis for reason-

able cause if it leads officer to conclude criminal activity may be afoot). When considering whether evidence is sufficient to justify a stop, we examine *"all* the evidence available to an officer" regardless of whether each component would furnish reasonable cause by itself. *State v. Bumpus*, 459 N.W.2d 619, 623 (Iowa 1990) (emphasis added).

Putting Officer Briggs' observations in context, we are convinced that several factors combined to justify Rosenstiel's brief detention. First, the officer was certain that the can in Rosenstiel's hand bore a Budweiser label. He was thus alerted to the potential for drinking and driving. Second, the fact that the driver poured the can's liquid onto the pavement—while not illegal—struck this thirteen-year police veteran as unusual behavior. Third, the observation was made in the wee hours of a weekend morning, a time notorious for drunken driving. And, finally, the observation was not made in a neutral setting but in the parking lot of a tavern.

Given all these circumstances, we think it reasonable that the officer approached the vehicle for an investigatory check before allowing the driver to proceed onto the public highway. The motion to suppress evidence derived from this encounter should not have been sustained. Accordingly, we vacate the decision of the court of appeals, reverse the district court and remand for further proceedings.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.