**STATE of Iowa, Appellee,**

v.

**Chad Eugene RICHARDSON, Appellant.**

**No. 91–1797.**

Supreme Court of Iowa.

June 16, 1993.

---

Linda Del Gallo, State Appellate Defender, and Patricia J. Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., John Sarcone, County Atty., and George Karnas, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and LAVORATO, JJ.

PER CURIAM.

Chad Eugene Richardson was convicted of burglary in the second degree and possession of burglar's tools, based on evidence gathered after an investigatory stop. The court of appeals reversed his convictions, believing the officer did not have reasonable cause for a lawful investigatory stop. On further review, we vacate the court of appeals decision and affirm the district court judgment.

At 12:40 a.m. on May 22, 1991, Deputy Sheriff Rick Briggle saw a silver car parked near the chain link fence next to a marina. He thought it was a suspicious place to park, since the surrounding businesses were all closed and there were no residences in the vicinity. Deputy Briggle knew that the marina area had frequently been burglarized.

When Deputy Briggle made a U-turn in his marked patrol car to investigate, the silver car pulled out in front of him. He followed the car for four blocks and stopped it after it changed lanes without signaling. Deputy Briggle obtained evidence that the driver of the silver car, Richardson, had just burglarized one of the marinas.

The State charged Richardson with second-degree burglary, possession of burglar's tools, second-degree theft, and second-degree criminal mischief. Richardson filed a motion to suppress evidence obtained from the stop.

At the hearing on the motion, the deputy testified that he had already decided to stop the car before it changed lanes without signaling and felt the alleged traffic violation provided "frosting on the cake." The district court overruled the motion to suppress. The district court did not base its decision to overrule the motion on the alleged traffic violation, since the State failed to show that any vehicles were affected by Richardson's failure to use a turn signal. *See State v. Malloy,* 453 N.W.2d 243 (Iowa App.1990). The district court, however, found that the other facts gave the deputy reasonable cause for an investigatory stop.

After a stipulated trial on the minutes of testimony, the district court found Richardson guilty of burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 (1991) and possession of burglar's tools in violation of Iowa Code section 713.7 (1991). The State dismissed the other charges. The district court sentenced Richardson to a prison term of up to ten years on each of the convictions, to be served concurrently.

Richardson appealed. By a two-to-one vote, the court of appeals reversed Richardson's convictions. The majority held that the evidence available to the officer did not provide reasonable cause for a lawful investigatory stop. We granted the State's application for further review.

"Our law is well settled that the police may stop and briefly detain a person for investigative purposes if the officer has 'reasonable cause to believe a crime may have occurred.'" *State v. Rosenstiel,* 473 N.W.2d 59, 61 (Iowa 1991) (citations omitted). The reviewing court considers "the totality of the circumstances—the whole picture." *United States v. Soholow,* 490 U.S. 1, 8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989) (quoting *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981)). While an unparticularized suspicion will not do, an officer may make an investigatory stop with "con-

siderably less than proof of wrongdoing by a preponderance of the evidence." *Id.*

Various factors combined to give Deputy Briggle reasonable cause to stop Richardson's car. He observed a car parked next to a chain link fence in a nonresidential area where there were no legitimate attractions. It was 12:40 a.m. when all of the surrounding businesses were closed. Deputy Briggle knew this area had frequently been burglarized. He observed what he considered to be deliberately furtive actions when the defendant pulled out just as the officer completed his U-turn and began approaching.

The court of appeals majority emphasized that Richardson's actions were subject to a legitimate explanation. However, reasonable cause may exist to investigate conduct which is subject to a legitimate explanation and turns out to be wholly lawful. *Reid v. Georgia,* 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980). The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot. 3 W. LaFave, *Search and Seizure,* § 9.3(b) at 432 (1987).

Given all the circumstances, we think the officer had reasonable cause to stop the car. The motion to suppress evidence derived from this encounter was properly overruled. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**