STATE of Iowa, Appellee,

v.

James Edward WIESE, Appellant.

No. 93–981.

Supreme Court of Iowa.

Dec. 21, 1994.

Bill Bracker, Council Bluffs, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and Bruce E. Swanson, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

James Edward Wiese appeals his conviction for possession of a schedule I controlled substance with intent to deliver and possession of marijuana without the required drug tax stamp. The sole issue in this case is whether the district court erred in denying Wiese's motion to suppress all evidence and statements officials obtained as the result of a police stop of his vehicle. The court of appeals affirmed the district court's decision holding that the officer in question acted with reasonable cause in stopping Wiese's vehicle. On further review, we reverse and remand.

I. Factual Background

At approximately 10:25 p.m. on Saturday, December 19, 1992, Wiese and his brother, Jeff Wiese, were traveling north on County Road M–55, also known as the "country club gravel road." Deputy Irapaul "Butch" Rulla was traveling on the same road behind Wiese performing a routine patrol south and east of Red Oak.

After crossing under an overpass located approximately four-tenths of a mile from the next intersection, Rulla observed the tail-lights of Wiese's car ahead of him. Rulla observed that Wiese's vehicle was driving "real slow," or roughly five to ten miles-per-hour. Rulla was driving at a rate of thirty-five to forty miles-per-hour in a posted speed limit zone of thirty-five miles-per-hour when he approached Wiese's vehicle.

Rulla caught up to Wiese's car approximately two-tenths of a mile from the intersection. As he approached Wiese's vehicle, Rulla noticed Wiese speed up. Rulla considered the location to be a "high security" or "high watch" area and believed Wiese was acting in a very suspicious manner. Therefore, as the two cars approached the stop sign at the intersection, he decided he would stop Wiese and investigate his presence in the area.

Shortly before the two vehicles came to the stop sign, Rulla radioed the dispatcher in order to acquire a check on the vehicle's license plate. Rulla also turned on his red lights in order to signal the vehicle that it should stop. Rather than remaining at the stop sign, however, Wiese turned west at the intersection onto Highway 34 at a normal rate of speed. Rulla pursued and flashed his floodlight in an effort to get Wiese to stop.

Wiese continued on Highway 34 for approximately an eighth of a mile before he pulled over at the top of a hill near a log house. After the two cars stopped, Wiese exited his vehicle to meet Rulla as he ap-

proached but then returned to the driver's seat of the car. Rulla approached the driver's side window and, while conversing with Wiese, noticed a "plastic bag with green material inside" lying on the floor of the car.

Rulla asked Wiese what the material in the bag on the floor was, but Wiese did not look down at it or respond. Rulla then opened the door and asked Wiese to step out, but Wiese instead slammed the door shut and drove away. Rulla ran back to his car, proceeded after Wiese, and subsequently stopped him a short distance away. After stopping the car, Rulla found marijuana and drug paraphernalia in Wiese's vehicle.

Wiese was indicted for: (1) possession of a schedule I controlled substance with intent to deliver in violation of Iowa Code section 204.401 (1991); (2) possession of marijuana without the required drug tax stamp in violation of Iowa Code section 421A.3; and (3) eluding or attempting to elude a pursuing law enforcement vehicle in violation of Iowa Code section 321.279.

Wiese filed a motion to suppress all evidence authorities seized from his vehicle and all statements and observations made pursuant and subsequent to Rulla's stop of his vehicle. Wiese deposed Rulla and the district court held a hearing on the motion to suppress. The district court issued a ruling denying the motion.

Wiese renewed his motion to suppress at the trial. The trial court overruled the motion and, following a stipulated trial in which Wiese preserved his objection to the admission of the controverted evidence, found Wiese guilty of the first two charges.

On appeal, the Iowa Court of Appeals filed an en banc opinion affirming the trial court's determinations. Two judges dissented. We granted Wiese's application for further review.

Wiese now argues that we must reverse his convictions because the trial court erred in admitting evidence collected and statements made pursuant and subsequent to his December 19, 1992 arrest. The focus of his argument is that Deputy Rulla did not have reasonable cause to stop his vehicle.

## II. Standard of Review

■ A challenge to a trial court's ruling on a motion to suppress implicates the Fourth and Fourteenth Amendments of the United States Constitution. We review constitutional issues de novo. *State v. Scott,* 518 N.W.2d 347, 349 (Iowa 1994); *State v. Riley,* 501 N.W.2d 487, 488 (Iowa 1993); *State v. Hilleshiem,* 291 N.W.2d 314, 316 (Iowa 1980); *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980); *State v. Post,* 286 N.W.2d 195, 199 (Iowa 1979).

## III. Constitutional and Legal Principles

■ The legal principles governing this matter are well-settled. The Fourth Amendment of the federal constitution as applied to the states through the Fourteenth Amendment requires that an officer have reasonable cause to stop a vehicle for investigatory purposes. *Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979); *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889, 906 (1968); *Aschenbrenner,* 289 N.W.2d at 619; *State v. Cooley,* 229 N.W.2d 755, 759 (Iowa 1975). In order to establish reasonable cause, the State carries the burden to show that the officer had "specific and articulable cause to support a reasonable belief that criminal activity may have occurred." *Aschenbrenner,* 289 N.W.2d at 619; *see also Prouse,* 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673; *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906; *Hilleshiem,* 291 N.W.2d at 316; *Cooley,* 229 N.W.2d at 760. Unparticularized suspicion is not an adequate reason for a stop, but "an officer may make an investigatory stop with 'considerably less than proof of wrongdoing by a preponderance of the evidence.'" *State v. Richardson,* 501 N.W.2d 495, 496–97 (Iowa 1993) (quoting *United States v. Sokolow,* 490 U.S. 1, 8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989)).

■ We measure the reasonableness of a stop using an objective standard: "would the facts available to the officer at the moment of the [stop] 'warrant a [person] of reasonable caution in the belief' that the action taken was appropriate?" *Terry,* 392 U.S. at 21–22, 88 S.Ct. at 1880, 20 L.Ed.2d at

906 (quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555 (1925)); *see also United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981). We hold officers to their *true reason for stopping a vehicle in* question and will not allow them to justify a stop with reasons upon which they did not actually act. *State v. Rosenstiel*, 473 N.W.2d 59, 61 (Iowa 1991); *Aschenbrenner*, 289 N.W.2d at 619; *Cooley*, 229 N.W.2d at 757–59. If the State does not carry its burden, the underlying constitutional principles require that we suppress evidence and statements the State acquired as a result of the improper stop. *Aschenbrenner*, 289 N.W.2d at 619.

Like the constitutional principles at issue, the rationale supporting the suppression of such evidence is also well-settled. We have stated that the essential purpose of the Fourth Amendment search and seizure proscriptions is "to impose a standard of reasonableness upon the exercise of discretion by government officers, including law enforcement officials, in order to safeguard the privacy and security of individuals against arbitrary invasions." *Hilleshiem*, 291 N.W.2d at 316. In *Terry*, the United States Supreme Court noted:

> Anything less [than the above-articulated test] would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches ... And simple good faith on the part of the arresting officer is not enough. If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be secure in their persons, houses, papers and effects only in the discretion of the police.

*Terry*, 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906 (citations omitted). While we recognize these principles to be of undeniable importance, we also note the enormous problem law enforcement officers face in controlling narcotics as well as the difficulties inherent in the apprehension of drug offenders. *People v. Parisi*, 393 Mich. 31, 222 N.W.2d 757, 759 (1974). It is our task to properly and effectively manage the "necessar[y] ...

conflict between the need to apply realistic standards of law enforcement in such cases and the need to protect citizens from unreasonable intrusions into their privacy." *Id.*

## IV. Analysis

In deposition testimony, Deputy Rulla asserted that his grounds for stopping Wiese's vehicle were: (1) the vehicle's slow rate of speed suggested the occupants may be consuming alcohol; and (2) the vehicle was in a "high watch area." Wiese argues on appeal that the State has not met its burden of demonstrating the stop was reasonable because the mere slow speed of a vehicle could not reasonably infer the existence of a crime and the State failed to demonstrate that the location was in fact a high crime area. The State argues that Rulla's stop was reasonable because: (1) Wiese's slow speed impeded the normal movement of traffic and therefore violated the Iowa Code section 321.294 minimum speed regulation; and (2) driving in such a slow manner reasonably created suspicion that Wiese was "casing" the neighborhood. The district court ruled that the stop was reasonable because: (1) the area was a "high watch area;" and (2) the vehicle was driving "at a snail's pace of five miles-per-hour or under."

As we have noted above, we look at the true reasons for stopping the vehicle, *Rosenstiel*, 473 N.W.2d at 61, as stated by Deputy Rulla. At no point did Rulla indicate that his reason for stopping the vehicle was to see if anything was wrong with the car or its occupants. Nor did his testimony indicate he stopped Wiese's car because its speed created a traffic hazard. Rulla also did not mention our minimum speed statute as a true reason he stopped the vehicle. Therefore, the State may not justify the stop simply because Rulla theoretically could have been concerned about a traffic hazard, the well-being of the vehicle's occupants, or Iowa's minimum speed regulation.

■ Although Rulla asserted in deposition testimony that he considered the location of the stop a "high watch" area, the State failed to demonstrate that the level of crime in the area reasonably justified a suspicion that Wiese was engaged in or preparing to com-

mit a crime. The only crimes Rulla could recall in the area which had occurred during the year before the stop were a single speeder and two people the police caught "skinny-dipping." Evidence was provided at the suppression hearing that the owner of new houses in the area had asked for additional police patrol during the construction of the houses. However, this period of enhanced police scrutiny appears to have occurred from 1988 to June 1992, and ceased six months prior to Rulla's stop of Wiese.

Wiese was stopped for driving below the speed limit at 10:25 p.m. on a Saturday night in an area in which there had been infrequent minor criminal activity and in an area in which a builder had once requested heightened police scrutiny. These circumstances are distinguishable from cases in which the level of criminal activity in an area supported the reasonableness of a police stop. Two examples are *Richardson,* 501 N.W.2d at 495, and *State v. Donnell,* 239 N.W.2d 575 (Iowa 1976). In *Richardson,* 501 N.W.2d at 496, we held that an officer had reasonable cause to stop a vehicle for investigatory purposes where the defendant had parked his vehicle at 12:40 a.m. in a location where all the surrounding businesses were closed and where there were no residences in the vicinity. The area was known to be frequently burglarized. In *Donnell,* 239 N.W.2d at 576, we upheld a police stop of a van which was driving slowly through a residential area at 2:00 a.m. In the year previous to the stop, residential break-ins had totaled "almost in the hundreds." *Id.* at 576–77.

■ Since the State has not demonstrated that the level of crime in the area reasonably caused Rulla to suspect Wiese may have been engaged in criminal activity, we must determine whether the speed of his vehicle constituted a reasonable ground for the stop. In general, slow driving in the absence of erratic driving, interference with traffic, or a posted minimum speed limit, does not alone constitute reasonable cause for a police officer to stop a vehicle. *People v. Rotkvich,* 256 Ill.App.3d 124, 195 Ill.Dec. 424, 428, 628 N.E.2d 888, 892 (1993); *People v. Brand,* 71 Ill.App.3d 698, 28 Ill.Dec. 83, 85–86, 390

N.E.2d 65, 67–68 (1979); *Parisi,* 222 N.W.2d at 759.

The Michigan Supreme Court's treatment of similar facts in *Parisi* is apposite to our analysis here. In *Parisi,* a police officer began following a car which was traveling through the center of a town at twenty-five miles-per-hour. When the officer began following the vehicle, it was traveling in a twenty-five mile-per-hour zone. After the car continued at the same rate of speed through a thirty-five and then a forty-five mile-per-hour zone, the police officer stopped the vehicle. The officer stated that his reasons for stopping the vehicle were: (1) the car was traveling at a speed of twenty-five miles-per-hour in a forty-five mile-per-hour zone; and (2) the youthful appearance of the occupants caused the officer to suspect they were in violation of the town's curfew law. The Michigan Supreme Court held that the officer's articulated reasons demonstrated only a general suspicion and did not rise to the required level of reasonable cause.

As in *Parisi,* Rulla has not demonstrated that he was acting on anything other than general suspicion when he stopped Wiese's vehicle. The mere observation of a car being operated at a slow rate of speed would not warrant a person of reasonable caution to believe that criminal activity was occurring or about to occur. The State has not demonstrated that the slow rate of speed together with the level of crime in the area constituted reasonable cause for Rulla to stop Wiese's vehicle.

We hold that the State has not met its burden of demonstrating reasonable cause to stop Wiese's vehicle. The district court erred in denying Wiese's motion to suppress. We vacate the court of appeals' decision and reverse the district court judgment. We also remand for entry of judgment voiding the convictions of defendant and dismissing the charges upon which defendant was convicted.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**