STATE of Iowa, Appellee,

v.

Nicholas W. JONES, Appellant.

No. 97–1622.

Supreme Court of Iowa.

Nov. 25, 1998.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Douglas A. Krull, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

Nicholas W. Jones was convicted of four driving offenses and appealed, claiming error in the denial of his motion to suppress based on an allegedly illegal *Terry* stop. We affirm.

## I. *Facts and Proceedings.*

A Manly, Iowa, police officer observed a white Chevrolet Blazer and a red car parked in an alley. The officer recognized the red car as belonging to a woman he knew, Mary Rourk, but he did not recognize the white Blazer. He requested information from the police dispatcher, who reported that the Blazer was owned by a Daniel Rial, whose driver's license was under suspension.

The officer waited. In about an hour, two women and a man came out of a nearby house and approached the two vehicles. The officer recognized one of the women as Rourk, but he did not know the other woman or the man. Rourk did not get into her red car; instead, she got into the passenger seat of the Blazer. The other woman drove the white Blazer, and the man drove Rourk's car. The officer assumed the male driver was Rial, the registered owner of the Blazer. The officer testified that he thought the three people may have heard him request the license check over a scanning device and decided to switch drivers in an attempt to mislead him.

After the vehicles pulled away, the officer stopped both of them. He examined the man's identification and discovered it was not Rial, the subject of the officer's initial interest. Rather, it was Nicholas Jones, this defendant. Jones also had a suspended license. The officer issued a citation to Rourk for

allowing Jones to drive her vehicle with a suspended license. He arrested Jones.

Jones was charged by information with driving while barred, Iowa Code § 321.561 (1995), driving while revoked, Iowa Code § 321J.21 (1995), driving while suspended, Iowa Code § 321.218 (1995), and driving while suspended, denied, or revoked, Iowa Code § 321A.32 (1995).

On November 26, 1996, Jones filed a written plea of guilty to the counts of driving while barred and driving while revoked or denied. The court set the sentencing for January 14, 1997. One week before sentencing, Jones filed a motion in arrest of judgment, which was granted on January 14. Jones filed a motion to suppress, claiming the police officer's seizure was illegal. The court overruled the motion. Jones waived his right to a jury trial and consented to a bench trial based on the minutes of testimony. The court found Jones guilty on all four counts.

## II. *Reasonableness of the Seizure.*

■ We review alleged constitutional violations under a de novo standard of review and make an independent evaluation of the totality of the circumstances as shown by the entire record. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998).

■ A. *Timeliness of the motion to suppress.* Under rule of criminal procedure 10(2),

[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised prior to trial:

. . . .

c. Motions to suppress evidence on the ground that it was illegally obtained. . . .

Rule 10(4) requires that

[m]otions hereunder [including motions to suppress] ... shall be filed when the grounds therefor reasonably appear but no later than forty days after arraignment.

Jones was arraigned on August 2, 1996. He pled guilty on November 26, 1996. He filed his motion in arrest of judgment on January 8, 1997, and it was granted on January 14, 1997. He filed his motion to suppress on February 14, 1997. This was denied.

Jones' motion to suppress was well beyond forty days following his arraignment. On appeal Jones contends that either (1) the forty-day period for filing the motion should begin anew with the order granting the motion in arrest of judgment; or (2) if the forty-day requirement still applies, he should not be held to it because, in that case, he received ineffective assistance of counsel. We conclude that the motion to suppress was timely, but we reject Jones' argument on its merits.

Iowa Rule of Criminal Procedure 23(3)(d) provides:

The effect of an order arresting judgment on any ground other than a defect in a guilty plea proceeding is to place the defendant in the same situation in which he or she was immediately before the indictment was found or the information filed. The effect of an order arresting judgment on the ground the guilty plea proceeding was defective is to place the defendant in the same situation in which he or she was immediately after the indictment was found or the information filed; provided, however, that when the only ground upon which the guilty plea is found to be defective is failure to establish a factual basis for the charge, the court shall afford the state an opportunity to establish an adequate factual basis before ruling on the motion in arrest of judgment.

■ Jones' motion in arrest of judgment was vague as to its basis, stating only that "based upon the record as a whole no legal judgment can be entered against the Defendant." Because of the lack of specificity, it is not clear where Jones fits into rule 23(3)(d) (*i.e.*, whether he was placed in the same situation in which he was before the information was filed or after it was filed). In either event, we believe, the order granting the motion in arrest of judgment placed Jones in a position of having forty days after the order to file his motion to suppress. The forty-day requirement of rule 10(4) should begin to run when a motion in arrest of judgment is granted. This gives effect to the

provision of rule 23(3)(d) that turns back the procedural clock when the motion is granted.

We conclude that a defendant in Jones' position must file a motion to suppress prior to trial but in no event later than forty days after the order granting the motion in arrest of judgment. *Cf. State v. Harrison*, 578 N.W.2d 234, 237 (Iowa 1998) (In a mistrial case, a defendant is not bound by rule 10 to a forty-day limit in raising a double jeopardy claim. "Under the circumstances here, criminal rule 10 is satisfied if the point is raised before trial.").

Jones' motion to suppress was filed within forty days of the order arresting judgment and before trial, so it was timely. This makes it unnecessary to address Jones' ineffective-assistance-of-counsel claim, and we proceed to consider the motion to suppress on its merits.

B. *The merits of the motion to suppress*. Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect against unreasonable searches and seizures by government officials. *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997). Searches without a warrant are per se unreasonable unless the State establishes an exception to the warrant requirement. *Id.* (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967)).

The State argues the exception first articulated in *Terry v. Ohio* applies to make the officer's stop reasonable. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). The Fourth Amendment requires that an officer have reasonable cause or suspicion to stop a vehicle for investigatory purposes. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979); *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879–80, 20 L.Ed.2d at 906. "In order to establish reasonable cause, the State carries the burden to show that the officer had 'specific and articulable cause to support a reasonable belief that criminal activity may have occurred.' " *State v. Wiese*, 525 N.W.2d 412, 414 (Iowa 1994) (quoting *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980)). Evidence obtained through an unjustified investigatory stop must be suppressed. *Kinkead*, 570 N.W.2d at 100 (citing *Wiese*, 525 N.W.2d at 414, and *Aschenbrenner*, 289 N.W.2d at 619).

The court's objective standard to determine reasonable suspicion inquires "whether the facts available to the officer at the time of the stop would lead a reasonable person to believe that the action taken by the officer was appropriate." *Kinkead*, 570 N.W.2d at 100 (citing *Terry*, 392 U.S. at 21–22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906, and *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993)). "Unparticularized suspicion" is an unacceptable reason for a stop, but this court has held that an officer needs " 'considerably less than proof of wrongdoing by a preponderance of the evidence' " for an investigatory stop. *Wiese*, 525 N.W.2d at 414 (quoting *State v. Richardson*, 501 N.W.2d 495, 496–97 (Iowa 1993), and *United States v. Sokolow*, 490 U.S. 1, 8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989)).

With respect to unlicensed drivers, the Supreme Court has held that, if an officer has "at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered," it is reasonable for the officer to detain the vehicle and check the driver's license. *Prouse*, 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673; *see also State v. Mills*, 458 N.W.2d 395, 397 (Iowa App.1990) (holding officers made valid investigatory stop after determining owner of vehicle had suspended driver's license). We have held that officers are held to "their true reason for stopping a vehicle in question" and the court "will not allow them to justify a stop with reasons upon which they did not actually act." *Wiese*, 525 N.W.2d at 415 (citing *State v. Rosenstiel*, 473 N.W.2d 59, 61 (Iowa 1991)).

The State argues the officer's suspicions were reasonable because he knew the Blazer was licensed to a man who did not have a valid license, and there was only one man in the group. The State also argues that requiring the officer to have proof that the driver of the red car was Rial, the owner of the Blazer, would circumvent the rule allowing officers to make an investigatory stop with " 'considerably less than proof of wrong-

doing by a preponderance of the evidence.'" *Wiese*, 525 N.W.2d at 414 (quoting *Richardson*, 501 N.W.2d at 496–97, and *Sokolow*, 490 U.S. at 8, 109 S.Ct. at 1585, 104 L.Ed.2d at 10).

The officer did not need to have probable cause to stop the vehicle. This case falls within the reasonable-suspicion standard of *Terry*. The officer was entitled to act on his reasonable belief that the lone man in the group was the one who was barred from driving and that he was the driver of one of the vehicles. The officer's stop was reasonable under *Terry* and its progeny.

**AFFIRMED.**