# IN THE COURT OF APPEALS OF IOWA

No. 13-1931
Filed December 10, 2014

**TOBY RICHARDS,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.

_____

      Appeal from the Iowa District Court for Muscatine County, Thomas G.

Reidel, Judge.


      Toby Richards appeals the district court's grant of summary judgment to

the State resulting in the dismissal of his application for postconviction relief.

**AFFIRMED.**


      Shawn C. McCullough of the Law Office of Jeffrey L. Powell, Washington,

for appellant.

      Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, and Alan R. Ostergren, County Attorney, for appellee.


      Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Toby Richards appeals the district court's grant of summary judgment to the State resulting in the dismissal of his application for postconviction relief (PCR). We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

On August 18, 2012, the Muscatine County Sheriff's Office received an anonymous email tip stating Richards was driving a motorcycle from Davenport to Muscatine while his license was barred. Captain Lerch, of the Muscatine County Sheriff's Office, investigated the tip and confirmed Richards's license was barred. Later, after observing a motorcycle being driven by a male subject matching the description of Richards, Lerch initiated a traffic stop. After stopping Richards, Lerch verified Richards's identity and arrested Richards for driving while barred. Richards pled guilty to driving while barred. He filed an application for PCR on November 4, 2013, claiming ineffective assistance of counsel because his trial attorney did not move to suppress the anonymous tip received by the sheriff's office. The State filed a motion for summary disposition.

"We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for postconviction relief." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (citations omitted). We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

> The standards for summary judgment in postconviction relief actions are analogous to summary judgment in civil proceedings. Under these standards, summary judgment is proper when the record reveals only a conflict over the legal consequences of

undisputed facts. The moving party is required to affirmatively establish that the undisputed facts support judgment under the controlling law.

*Castro*, 795 N.W.2d at 793 (citations omitted).

Richards claims the district court erred in granting the State's motion for summary disposition because there are genuine issues of material fact involved in the postconviction-relief appeal. We agree with the district court's reasoning:[1]

> The fact that the officer began his investigation into the background and driving status of [Richards] based on an anonymous tip is not constitutionally relevant. The Court finds that the officer had enough information to conduct a brief investigatory stop to confirm or refute the reasonable suspicion that he observed a violation of the law. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *State v. Richardson*, 501 N.W.2d 495, 497 (Iowa 1993) ("The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot.").
> . . . .
> In this case, there is not only an anonymous tip that [Richards] was operating a motor vehicle while his privileges were barred, but there was also independent verification that [Richards's] driving privileges were not intact, along with investigation into [Richards], that provided Captain Lerch with independent means to effectuate the traffic stop. The anonymous tip combined with the independent investigation and observations of Captain Lerch clearly distinguish this case from cases that have previously excluded stops based on an anonymous tip. The State correctly states that counsel is not ineffective for failure to predict a change in the law. *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982). Counsel had no obligation to file a Motion to Suppress in this matter.

There are no genuine issues of material fact on this issue even when viewed in the light most favorable to Richards. We affirm the court's grant of the

---

[1] The district court also noted *State v. Kooima*, 833 N.W.2d 202 (Iowa 2013), is not applicable to this case because *Kooima* was decided on June 28, 2013, and Richards's conviction became final on March 21, 2013, as he did not file an appeal. We agree. Also, this case is easily distinguished from *Kooima* in that Captain Lerch had conducted an independent investigation of the status of Richards's driving privileges.

State's motion for summary disposition and dismissal of Richards's application for PCR.

**AFFIRMED.**