STATE of Iowa, Appellee,

v.

**Lou Ann OTTO, Appellant.**

No. 96–824.

Supreme Court of Iowa.

July 23, 1997.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Steven J. Oeth, County Attorney, and Jim P. Robbins, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

PER CURIAM.

Lou Ann Otto appeals the judgment and sentence entered upon her conviction of operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1995). She argues the district court erred in denying her motion to suppress evidence obtained from an allegedly unlawful stop of her vehicle. We affirm.

On June 3, 1995, at approximately 1:00 a.m., Iowa State Patrolman Kent Lowman observed two cars behind him as he traveled north on Highway 17. Lowman pulled over to check the vehicles' speeds. The first car was traveling at a speed of fifty-five miles per hour. The second car, driven by Lou Ann Otto, was traveling at a speed of forty miles an hour. (The speed limit on Highway 17 is fifty-five miles per hour.) Lowman followed Otto for approximately two and one-half miles to the intersection of Highways 17 and 30. He observed that Otto's car was changing speeds from forty, forty-two, forty-five and forty-eight miles per hour. Lowman further observed that it was "veering left and right at a sharp angle," and that it "was going left and right and back constantly."

Otto's car made a normal turn from Highway 17 to Highway 30. Lowman continued to follow the car for approximately 1.1 miles. He observed the car picked up speed to fifty-five miles per hour, that it traveled behind another vehicle at a close distance, approximately twenty-five feet, and that it continued to veer from one side of its lane to the other. Lowman stopped Otto on the basis that she was veering and following the car ahead of her closely.

Otto failed field sobriety tests and was arrested. Testing showed she had a breath-alcohol concentration of .168. She was charged with operating a motor vehicle while intoxicated.

Otto filed a motion to suppress any evidence obtained as a result of the stop. She alleged that the stop was not based on reasonable cause. Following a hearing, the district court denied Otto's motion. It found that Otto's weaving reasonably led to the conclusion that criminal activity was afoot. Otto appeals the district court's denial of her motion to suppress.

■ A challenge to the district court's ruling on a motion to suppress implicates the Fourth and Fourteenth Amendments of the United States Constitution. We review constitutional issues de novo. *State v. Wiese,* 525 N.W.2d 412, 414 (Iowa 1994).

■ In *State v. Tompkins,* 507 N.W.2d 736, 740 (Iowa App.1993), our court of appeals found that a police officer's observations of a vehicle weaving within its own lane gave rise to reasonable cause to believe that the defendant was driving under the influence. In that case, police observed defendant's vehicle weaving within its own lane of traffic several times. *Tompkins,* 507 N.W.2d at 737. The car weaved from the center line to the right side boundary line and touched but never crossed either line. *Id.* The court of appeals adopted the view of the majority of jurisdictions that hold that a "police officer's observations of a vehicle weaving within its own lane of traffic gives rise to reasonable

suspicion justifying a stop of a vehicle for investigation." *Id.* at 739–40.

Otto distinguishes the facts surrounding the stop of her car from the stop approved by the court of appeals in *Tompkins*, by noting that she did not touch either the center line or boundary line. She also urges that *Tompkins* should not be read to justify every stop for weaving within one's own lane of traffic.

■ We do not believe *Tompkins* should be read to hold that observation of a vehicle weaving within one's own lane of traffic will always give rise to reasonable suspicion for police to execute a stop of the vehicle. Rather, the facts and circumstances of each case dictate whether or not probable cause exists to justify stopping a vehicle for investigation. *See State v. Dorendorf*, 359 N.W.2d 115, 117 (N.D.1984) (where police observed a vehicle's "smooth, continuous weave," the court found that the police officers' experience and their testimony that defendant's driving was erratic as compared to other driving observed at the time were circumstances that justified the stop).

We conclude the facts and circumstances surrounding the stop of Otto's vehicle provided reasonable suspicion for the belief that criminal activity was afoot. Trooper Lowman testified that the weaving of Otto's car was "constantly down the road," "it was sharp, like a jerk of the driver," and the veering was "left and right at a sharp angle." In addition, Lowman observed Otto's car fluctuate in speed and closely follow the car in front of her. Based upon these facts and circumstances, we find the stop of Otto's vehicle was justified.

We conclude the district court correctly denied Otto's motion to suppress. Accordingly, we affirm.

AFFIRMED.