# IN THE COURT OF APPEALS OF IOWA

No. 14-1101
Filed February 24, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RACHEL LEE SORENSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, David F. Staudt (motion to suppress) and John J. Bauercamper (trial), Judges.

The defendant appeals from her conviction of operating while under the influence. **AFFIRMED.**

Nicholas J. Einwalter, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

On May 1, 2014, Rachel Lee Sorenson was found guilty of a first offense of operating while under the influence as the result of a jury trial and was later sentenced accordingly. Sorenson has appealed.

## I. Facts

Sorenson was operating her vehicle in Winneshiek County on or about June 15, 2013, when her driving was observed by Officer Lance Peters, a highway patrolman. He first observed her making a wide turn on a corner. Officer Peters began following her automobile and observed her crossing the center line on occasion, weaving over the fog line, and after crossing a rumble strip, leaving the travel portion of the highway and driving on the shoulder until she came to a stop sign. He further testified she was speeding sixty-five miles per hour in a fifty-five mile per hour zone, but acknowledged her speed was determined only by pacing as he followed and his speedometer had not been calibrated.

On the basis of her driving, Officer Peters determined that Sorenson appeared to be impaired and pulled her over. The officer administered field sobriety tests and charged her with operating under the influence. Sorenson filed a motion to suppress, contending that the officer did not have the probable cause or reasonable suspicion necessary to stop her vehicle as required by the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. The motion was denied, and Sorenson was convicted as charged.

## II. Preservation of Error

Generally, error has been preserved when an issue is raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The legality of the stop was raised by the motion to suppress, and the trial court ruled on the issue. Error has been preserved.

## III. Scope of Review

The motion to suppress raised issues under both the United States and Iowa Constitutions and is therefore reviewed de novo. *See State v. Baldon*, 829 N.W.2d 785, 789 (Iowa 2013). In such a case, we make an independent evaluation based on the totality of the circumstances shown in the entire record. *Id.* Although Sorenson raises her claims under both the state and Federal Constitutions she does not contend that the standard under the state constitution is any more restrictive than the federal constitutional standard. Where a party raises issues under the Iowa Constitution and the United States Constitution but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal constitutional standard. *State v. Edouard*, 854 N.W.2d 421, 443 (Iowa 2014).

## IV. Discussion

The stopping of a vehicle and a temporary detention of its occupants, even for a brief period, constitutes a seizure. *State v. Pals*, 805 N.W.2d 767, 773 (Iowa 2011). Law enforcement can briefly detain a person for interrogation when there is a reasonable suspicion based on specific and articulable facts that criminal activity is afoot. *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997). The

commission of a minor traffic violation is justification for a stop and a temporary detention. *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014).

Officer Peters testified that he had followed Sorenson and by pacing her had determined that she was traveling ten miles per hour in excess of the speed limit. Pacing has been determined to be an adequate procedure for determining speed. *State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987). Crossing the center line, crossing the fog line, and driving on the shoulder are all suggestive that the driver of the vehicle is impaired and criminal activity is afoot.

Sorenson cites *State v. Otto*, 566 N.W.2d 509 (Iowa 1997), and *State v. Tague*, 676 N.W.2d 197 (Iowa 2004), for the proposition that an isolated crossing of the median or the fog line does not justify a stop. Officer Peters testified to much more than an isolated crossing of the center line or fog line as existed in *Otto* and *Tague*. The officer had a reasonable belief based on specific articulable facts, in addition to the speeding violation to justify an investigatory stop. The motion to suppress was correctly overruled.

**AFFIRMED.**