**IN THE COURT OF APPEALS OF IOWA**

No. 15-0552
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRADLEY ALLSPACH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

Bradley Allspach appeals his conviction for operating a motor vehicle while intoxicated, first offense. **AFFIRMED.**

Jesse M. Marzen of Marzen Law Office, P.L.L.C., Waverly, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Bradley Allspach appeals his conviction for operating a motor vehicle while intoxicated, first offense. He contends the officer who stopped his vehicle lacked reasonable suspicion to believe he was engaged in criminal activity, and accordingly, the district court should have suppressed evidence obtained in connection with the stop.

## I.    *Background Facts and Proceedings*

At approximately 1:00 a.m. one morning, a Black Hawk County deputy sheriff observed a vehicle driven by Allspach "weaving in and out of its lane" and "crossing back and forth over the dash line on the left and the fog line on the right." The deputy stopped the vehicle and observed signs of intoxication in Allspach. After conducting field sobriety tests, he arrested Allspach for operating a motor vehicle while intoxicated. The deputy also issued Allspach a citation for improper use of lanes, in violation of Iowa Code section 321.306 (2013)—a citation that was later dismissed.

Following his arrest, Allspach agreed to provide a breath sample for testing. The result revealed an alcohol concentration of .140, well over the legal limit of .08.

The State charged Allspach with operating a motor vehicle while intoxicated, first offense. *See* Iowa Code § 321J.2. Allspach moved to suppress evidence gained in connection with the stop, citing the United States and Iowa Constitutions. The district court denied the motion. Allspach waived his right to a jury trial, and the district court found him guilty on the minutes of testimony. This appeal followed.

## II.   Constitutionality of Stop

The United States and Iowa Constitutions protect citizens against unreasonable searches and seizures.  U.S. Const. amend IV; Iowa Const. art. I, § 8.  "A traffic stop is unquestionably a seizure." *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013).  This type of seizure is permissible under our constitutions when supported by reasonable suspicion of a crime.  *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015).[1]

Allspach argues there was "nothing remarkable about his driving that provided reasonable suspicion for the arresting officer to stop him."  On our review of the totality of the circumstances, we disagree.

Allspach's weaving was not a single "isolated incident," but a series of incidents within a short time frame.  *State v. Tague*, 676 N.W.2d 197, 205 (Iowa 2004).  The deputy testified he saw Allspach's truck touch the fog line or the dash line at least five times in less than one and a half minutes.  *Cf. id.* (noting Tague's "left tires barely crossed the edge line once for a very brief period"); *State v. Nguyen*, No. 13-0045, 2013 WL 5498072, at *4 (Iowa Ct. App. Oct. 2, 2013) (noting the absence of "aggravated, continual, or pronounced weaving" within the lane); *State v. Troge*, No. 08-2029, 2009 WL 3064648, at *1 (Iowa Ct. App. Sept. 17, 2009) (noting vehicle "moved slowly near the center median once and moved slowly near the center line once").  In his experience, "with someone driving like that, it's a good possibility they are intoxicated."  The district court gave credence

---

[1] In the absence of argument to the contrary, we will apply the United States and Iowa constitutional provisions in the same manner.  *McIver*, 858 N.W.2d at 702.

to the deputy's testimony. We defer to this credibility finding. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

The deputy's observations were corroborated by a video recording of the encounter taken from the deputy's vehicle. The video captured multiple contacts between the vehicle and the painted lines on either side of the lane. *See State v. Fischels-Wordehoff*, No. 05-0762, 2006 WL 782447, at *2 (Iowa Ct. App. Mar. 29, 2006) (noting videotape showed the "defendant's vehicle drifting from side to side in the lane"). The video also documented the absence of severe weather conditions, roadway obstacles, or other vehicles that might have explained the weaving.

We conclude the deputy "had specific and articulable facts, which taken together with rational inferences from those facts" would have reasonably led him to "believe criminal activity may have occurred." *Tague*, 676 N.W.2d at 204; *State v. Otto*, 566 N.W.2d 509, 511 (Iowa 1997).

We affirm Allspach's judgment and sentence for operating a motor vehicle while intoxicated, first offense.

**AFFIRMED.**