# IN THE COURT OF APPEALS OF IOWA

No. 19-0250
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALEXANDER WILLIAM BERTRAND,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt (suppression hearing) and Carol L. Coppola (trial and sentencing), District Associate Judges.


        Alexander Bertrand appeals his conviction for operating while intoxicated.

**AFFIRMED.**

        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Alexander Bertrand appeals his conviction for operating while intoxicated (OWI), first offense, challenging the denial of his motion to suppress. He maintains his constitutional right to be free from unreasonable searches and seizures was violated because there was no probable cause or reasonable suspicion for the traffic stop. On our de novo review of the facts here, we find there was reasonable suspicion justifying the traffic stop.

## I. Facts and Prior Proceedings.

At about 1:50 in the morning, Des Moines Police Officer Jeremy Engle encountered Bertrand's car travelling in the left-hand northbound lane of East 14th Street. He noticed the car "was driving very slow" and "was weaving back and forth within his lane." Officer Engle followed the car for about ten blocks recording it with his dashboard video camera. The officer determined the car was going about 18 miles per hour in a 35-mile-per-hour speed zone. Several vehicles passed Bertrand's car in the right-hand lane. When passed by a semi-truck, Bertrand's car "almost swerves into the semi and then overcorrects to the left." The car comes close to the center line a couple of times and touches, but does not cross, the centerline one time. Considering the car's slow speed, its weaving, and the time of day (about the time when the bars close), Officer Engle thought the driver of the car was either impaired or had a medical condition. The officer began a traffic stop of the car. The officer's investigation led to Bertrand's arrest for OWI.

After being charged with first-offense OWI, Bertrand moved to suppress "the fruits of the unlawful traffic stop" arguing Officer Engle lacked reasonable suspicion or probable cause to stop Bertrand's car. After a hearing, the district associate

court overruled the motion under both probable cause and reasonable suspicion analyses. In its reasonable suspicion analysis, the court determined:

> The actions of Officer Engle in stopping [Bertrand]'s vehicle is justified in light of a review of a totality of the circumstances. In this case, [Bertrand] was driving 18 M.P.H. in a 35 M.P.H. zone. [Bertrand]'s vehicle continually weaved within its lane of travel for 10 blocks. During the continual weaving, [Bertrand] drove on the double yellow line divider and on the broken white lane divider. Considering the totality of the circumstances, those observations justified Officer Engle's belief that the driver of the vehicle was impaired.

Bertrand then stipulated to trial on the minutes of testimony and was found guilty of first-offense OWI. Bertrand appeals. He maintains there was no probable cause or reasonable suspicion to justify the traffic stop.

## II. Standard of Review.

Bertrand argues the traffic stop violated both his state and federal constitutional rights to be free from unreasonable search and seizure. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. Because he raises constitutional claims, we review it de novo. *See State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). De novo review entails an "independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* (quoting *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011)). While we give deference to the district court's factual findings, we are not bound by them. *Id.*

## III. Analysis.

The Fourth Amendment and article I, section 8 both prohibit law enforcement from conducting unreasonable searches and seizures. *Id.* A traffic stop is a seizure and is unreasonable unless the State shows it was supported by probable cause or reasonable suspicion. *Id.* at 292-93. "If the State fails to carry

its burden, all evidence obtained from the investigatory stop must be suppressed." *State v. Vance*, 790 N.W.2d 775, 781 (Iowa 2010). The State argues both probable cause and reasonable suspicion support the stop here. Because we find there was reasonable suspicion justifying the traffic stop, we need not discuss the parties' probable cause arguments.

"[R]easonable suspicion of a crime allows a peace officer to stop and briefly detain a person to conduct a further investigation." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "Reasonable suspicion to stop a vehicle for investigative purposes exists when articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot." *Id.* "[W]e do not evaluate reasonable suspicion based on each circumstance individually, but determine the existence of reasonable suspicion by considering all the circumstances together." *Id.* Put another way, "Whether reasonable suspicion exists for an investigatory stop must be determined in light of the totality of the circumstances confronting the officer, including all information available to the officer at the time the officer makes the decision to stop the vehicle." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004).

When there is a challenge based on reasonable suspicion, "the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred. Mere suspicion, curiosity, or hunch of criminal activity is not enough." *Id.* (citations omitted). When a traffic stop is not justified, "all evidence flowing from the stop is inadmissible." *Id.* at 206.

Bertrand argues "Officer Engle's observations of slow speed and weaving within a single lane do not constitute reasonable suspicion to believe Bertrand was driving while impaired." To be sure, "The mere observation of a car being operated at a slow rate of speed would not warrant a person of reasonable caution to believe that criminal activity was occurring or about to occur." *State v. Wiese*, 525 N.W.2d 412, 416 (Iowa 1994), *overruled on other grounds by State v. Cline*, 617 N.W.2d 277, 281 (Iowa 2000). And weaving within a lane of travel "alone does not necessarily support a reasonable suspicion to stop a vehicle, but adds to the totality of the circumstances." *McIver*, 858 N.W.2d at 703. Additionally, our supreme court in *Tague* determined an officer did not have reasonable suspicion to stop a vehicle when the tires of the vehicle "briefly crossed the left edge line" of the road and then returned to the roadway one time. *Tague*, 676 N.W.2d at 200. Furthermore, "The early morning hour and the slow driving do not alone provide a predicate for [a] stop." *State v. Duitscher*, Nos. 19999-437, 9-694, 98-1174, 1999 WL 1255721, at *2 (Iowa Ct. App. Dec. 27, 1999). Taken separately, each of the observations made by Officer Engle may not have been enough to support his stop of Bertrand, but we must look to the totality of the circumstances surrounding the traffic stop. *See McIver*, 858 N.W.2d at 702 ("[W]e do not evaluate reasonable suspicion based on each circumstance individually, but determine the existence of reasonable suspicion by considering all the circumstances together."); *State v. Otto*, 566 N.W.2d 509, 511 (Iowa 1997) ("[T]he facts and circumstances of each case dictate whether or not probable cause exists to justify stopping a vehicle for investigation."). Weaving back and forth within the driver's own lane, time of day, and slow driving are all factors that may be considered in determining whether the

officer had reasonable cause to stop the car. *See State v. Jones*, No. 03-0913, 2003 WL 23008803, at *2 (Iowa Ct. App. Dec. 24, 2003).

We have reviewed all of the evidence presented at the suppression hearing, including the dashcam video from Officer Engle's patrol car. The officer observed Bertrand's car travelling at roughly half the posted speed limit and weaving within its lane. The video validates the officer's testimony. Bertrand's car, travelling in the left lane, is discernably slower than the rest of the traffic that passes him in the right lane. The car constantly weaves within its lane while it travels the some seven blocks depicted on the video. The car appears to touch the center line once. The car almost swerves into a passing semi. All of this took place in the early morning hours—about the time bars close.

On our de novo review of the evidence, we conclude the officer had a reasonable belief criminal activity may have been occurring. This case involves much more than a person just driving slowly or just weaving within their own lane. The totality of the circumstances, including the officer's observations of Bertrand's driving and the time of the morning, show there were "specific and articulable facts, which taken together with rational inferences from those facts," would lead a person "to reasonably believe criminal activity may have occurred." *See Tague*, 676 N.W.2d at 204. So Officer Engle was constitutionally justified in making the traffic stop.

The circumstances presented here are in line with other cases in which we have found there was a reasonable suspicion justifying a traffic stop. *See, e.g.*, *State v. Keith*, No. 17-1044, 2018 WL 2174089, at *2 (Iowa Ct. App. Apr. 4, 2018) (noting vehicle touched the center line, then the fog line twice at about 2:00 a.m.);

*State v. Torsky*, No. 15-0314, 2016 WL 2745908, at *2 (Iowa Ct. App. May 11, 2016) (finding at about 2:30 a.m., defendant swerved towards the center line and crossed the fog line several times); *State v. Ballangee*, No. 11-1464, 2012 WL 2407693, at *3 (Iowa Ct. App. June 27, 2012) (noting defendant had crossed the center line twice "late on a Friday evening"); *State v. Rohrer*, No. 10-0830, 2011 WL 646905, at *2 (Iowa Ct. App. Feb. 23, 2011) (finding defendant drove on the center and fog lines "a couple times each" at about 2:00 a.m.); *State v. Byrne*, No. 09-0254, 2009 WL 3379106, at *3 (Iowa Ct. App. Oct. 21, 2009) (noting at about 1:00 a.m., defendant swerved back and forth, nearly hitting the curb and then crossing the center line twice); *State v. Fischels-Wordehoff*, No. 05-0762, 2006 WL 782447, at *3 (Iowa Ct. App. Mar. 29, 2006) (finding defendant drifted from side to side in the lane and went on the white shoulder marker "late at night"); *State v. Quastad*, No. 03-1550, 2004 WL 1396292, at *2 (Iowa Ct. App. June 23, 2004) ("[D]efendant was weaving both within and outside his lane at a time of day when officers might expect people to be driving home from bars."); *Jones*, 2003 WL 23008803, at *2 (defendant weaving back and forth in own lane, slow driving, and midnight hour).

Because we have determined the traffic stop was proper based on reasonable suspicion, we do not separately address probable cause. The district associate court properly overruled Bertrand's motion to suppress. We affirm Bertrand's conviction for first-offense OWI.

**AFFIRMED.**