# IN THE COURT OF APPEALS OF IOWA

No. 22-1663
Filed August 30, 2023

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ARTHUR LEE McDOLE,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

 Arthur McDole appeals the denial of his motion to suppress and his convictions for possession with intent to deliver marijuana and failure to affix a drug tax stamp. **AFFIRMED.**

 Daniel M. Northfield, Urbandale, for appellant.

 Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

 Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

Arthur McDole appeals the denial of his motion to suppress and his convictions for possession of a controlled substance with intent to deliver and failure to affix a drug tax stamp. On our review, we affirm the district court's rulings.

**I. Background Facts & Proceedings.**

At 2:15 a.m. on June 5, 2022, McDole was driving west on a two-lane highway in northern Iowa. McDole drove past Deputy Sheriff Doyle Schmidt, who was at a stop sign on a cross street. Deputy Schmidt, believing he saw McDole's vehicle cross the center line, turned to follow the vehicle. Following the car, Deputy Schmidt again believed he saw the car cross the center line, and he hit record on his patrol car's dash cam.

On the video, the car can be seen weaving back and forth from the white fog line on the side of the road to the yellow center line several times. The car did not cross either line but can be seen on top of the fog line.

Deputy Schmidt activated his overhead lights and initiated a traffic stop. Deputy Schmidt could smell marijuana, and McDole stated his son smoked in the car.[1] Deputy Schmidt told McDole the strong marijuana smell gave him probable cause to search the vehicle. The deputy found "marijuana shake residue all over the middle [console] and the driver's side floor board." Deputy Schmidt found "a large bag of a green leafy substance and another bag of red packages" of marijuana inside a backpack in the trunk of the car, and almost $800 in cash in McDole's pocket.[2]

---

[1] The vehicle was registered to Arthur McDole Jr.
[2] The green leafy substance field tested positive for marijuana.

A second deputy arrived at the scene and searched the vehicle, finding a grocery sack with additional prepackaged marijuana. The deputy asked McDole to guess how much marijuana he had in the vehicle, and McDole said "about a quarter pound."[3] None of the products had an Iowa tax stamp affixed.

McDole was charged with possession with intent to deliver marijuana, in violation of Iowa Code section 124.401(1)(d) (2022), and failure to affix a drug tax stamp, in violation of sections 453B.3 and 453B.12.

McDole filed a motion to suppress, alleging the deputy lacked probable cause to initiate the traffic stop and it was an illegal seizure under the United States and Iowa Constitutions. The court denied his motion, determining the deputy's belief the car crossed the center line, the car weaving between the center and fog lines, and the time of night, under the totality of circumstances, gave the deputy grounds to initiate an investigatory stop.

After considering the minutes of testimony, evidence from the suppression hearing, and photographs from the scene, the court found the State proved McDole was knowingly in possession of marijuana, the volume and packaging were consistent with distribution rather than personal use, and no tax stamp was attached to the marijuana found. The court found McDole guilty of possession of a controlled substance with intent to deliver and failure to affix a drug tax stamp.

---

[3] The deputies found ninety-eight grams of raw marijuana and twenty-three packages with three and a half grams each of marijuana product, which totals between one-quarter and one-half pound.

**II. Standard of Review.**

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018) (citation omitted). "We view the entire record and make an independent evaluation of the totality of the circumstances." *Id.* (internal quotation marks and citation omitted).

"We review sufficiency of the evidence claims for correction of errors at law." *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). We uphold the conviction if supported by substantial evidence—i.e., evidence which "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). We consider the evidence in the light most favorable to the State and will "draw all legitimate inferences in support of the verdict." *Id.*

**III. Analysis.**

*Motion to suppress.* McDole claims the district court erred in denying his motion to suppress as the officer lacked probable cause to stop his vehicle. However, "[a] traffic stop is permissible . . . when supported by probable cause or reasonable suspicion of a crime." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015) ("Probable cause of a crime supports an arrest, while reasonable suspicion of a crime allows a peace officer to stop and briefly detain a person to conduct a further investigation. When a peace officer observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." (citation omitted)).

Reasonable suspicion to stop a vehicle for investigative purposes exists when articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot. Thus, we do not evaluate reasonable suspicion based on each circumstance individually, but determine the existence of reasonable suspicion by considering all the circumstances together.

*Id.* (internal citations omitted).

A vehicle weaving within its own lane of traffic will not always give rise to reasonable suspicion for a traffic stop, but it is a circumstance which, combined with the officer's experience and other relevant circumstances, may justify a stop. *See State v. Otto*, 566 N.W.2d 509, 511 (Iowa 1997) (holding weaving within one's lane in combination with other factors were sufficient circumstances to justify a stop). *But see State v. Tague*, 676 N.W.2d 197, 203–04 (Iowa 2004) (holding a single incident of briefly crossing the edge line on an empty road with no erratic driving, speeding, or weaving is not sufficient cause for a traffic stop).

The stop here was based on more than a single weave within the lane. The deputy believed McDole's vehicle had crossed the center line twice and witnessed approximately two miles of McDole weaving within his lane and driving on the fog line. The weaving and driving on the fog line are supported by the dash cam video. These observations were made just after two a.m., which the deputy testified was "a prime time for impaired driving." These circumstances are in line with other cases where this court has found reasonable suspicion justifying a traffic stop. *See State v. Lobo*, No. 17-1768, 2019 WL 762192, at *3 (Iowa Ct. App. Feb. 20, 2019) (collecting cases finding reasonable suspicion where vehicles swerved, weaved in their lanes, or crossed the center or fog line in the early morning hours).

We conclude the deputy had reasonable suspicion to stop McDole's vehicle, and the district court properly denied McDole's motion to suppress.

*Sufficiency of the evidence.* To prove possession, "the State must prove the defendant 'exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic.'" *State v. DeWitt*, 811 N.W.2d 460, 474 (Iowa 2012) (citation omitted). Intent to deliver may be inferred from a pattern or modus operandi of a certain offense, the manner of packaging, large amounts of unexplained cash, and the quantity of drugs possessed. *State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006). McDole asserts the State failed to establish he possessed the marijuana because he was merely present in a vehicle owned by others.

"Possession may be actual or constructive." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). "Actual possession requires proof of a defendant's physical possession of the drugs . . . at some point in time." *Id.* at 705 n.5. Constructive possession occurs when the defendant knows of the contraband's presence and "has the authority or right to maintain control of it." *Id.* at 705 (citation omitted). Constructive possession may generally be inferred by a defendant's exclusive possession of premises where contraband is discovered. *DeWitt*, 811 N.W.2d at 474. When the premises is a vehicle not under the defendant's exclusive control, "we require additional evidence to connect the defendant to the controlled substance sufficient to support a conviction for possession. *Id.* at 475. The supreme court has established several factors to consider for constructive possession in nonexclusive premises:

(1) incriminating statements made by the person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance. Further, when the premises is a vehicle, the court may also consider these additional factors: (1) was the contraband in plain view; (2) was it with the person's personal effects; (3) was it found on the same side of the car or immediately next to the person; (4) was the person the owner of the vehicle; and (5) was there suspicious activity by the person.

*State v. Maxwell*, 743 N.W.2d 185, 194 (Iowa 2008) (internal citations omitted). "The factors are not exclusive, and all facts and circumstances are considered to determine whether a reasonable inference is created that the defendant had knowledge and control over controlled substances." *DeWitt*, 811 N.W.2d at 475.

The deputy stated in his affidavit the vehicle smelled strongly of marijuana and he discovered "marijuana shake residue" on the driver's side floor board and middle console. McDole said he did not smoke marijuana and attributed the smell to his son smoking in the vehicle. McDole was alone in the vehicle. When speaking with the second deputy, McDole was able to say approximately how much marijuana was in the vehicle, though most of it was stored in bags in the trunk. He was also carrying almost $800 in cash in his pocket.

McDole made no separate argument contesting an intent to deliver the marijuana. The quantity of marijuana, packaging, and the cash in McDole's possession is not consistent with personal use. Based on the evidence presented, we agree with the district court.

Viewing all the facts in the light most favorable to the State, substantial evidence establishes McDole exercised constructive possession of the marijuana

with an intent to deliver.  McDole does not contest the marijuana in his vehicle did not have a drug tax stamp affixed.  We affirm McDole's convictions.

**AFFIRMED.**