# IN THE COURT OF APPEALS OF IOWA

No. 23-0470
Filed July 3, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JENNIFER CATANO WARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, Judge.

A defendant appeals her conviction for operating while intoxicated, challenging the denial of her motion to suppress. **AFFIRMED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Badding, JJ.

**TABOR, Presiding Judge.**

Jennifer Ward appeals her conviction of operating while intoxicated (OWI). Ward contends the police officer had neither probable cause nor reasonable suspicion to justify the traffic stop. Ward argues the district court should have granted her motion to suppress. We find the district court correctly denied Ward's motion to suppress and affirm her conviction.

## I.      Facts and Prior Proceedings

North Liberty Police Officer Jordan Gallagher was on patrol in May 2022 when he noticed an Acura MDX swerving within and slightly outside its lane. It was just after 11 p.m. when Officer Gallagher—traveling northbound on Highway 965—saw the Acura veer left and right which prompted him to start his dashcam. The video captured the driver, later identified as Ward, drifting left and touching the center yellow line. Ward then drifted right where she crossed over the white line dividing her lane and the right-hand turning lane. Ward traveled back through her lane and grazed the yellow center line once more before turning eastbound. Officer Gallagher engaged his emergency lights before Ward completed her right turn and then conducted a traffic stop.

Upon approaching the vehicle, Officer Gallagher smelled an odor of alcohol. Ward admitted that she had consumed a couple of beers, and Officer Gallagher discovered alcoholic seltzers and a "drinking bladder" full of wine in Ward's backseat. After Ward performed poorly on the field sobriety tests, Officer Gallagher arrested her for OWI in violation of Iowa Code section 321J.2 (2022).

Ward moved to suppress evidence discovered during the investigation, arguing Officer Gallagher lacked probable cause and reasonable suspicion to stop

her vehicle. The district court denied the motion, finding Officer Gallagher had both probable cause that Ward violated traffic laws and reasonable suspicion that she was driving while impaired. Ward waived her right to a jury trial; the court found her guilty as charged. Ward now appeals.

## II.     Scope and Standard of Review

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017). We independently review the totality of the circumstances. *Id.* "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Id.* (quoting *In re Prop. Seized from Pardee*, 827 N.W.2d 384, 390 (Iowa 2015)).

## III.     Analysis

Ward argues Officer Gallagher did not have reasonable suspicion she was driving while impaired. She contends that grazing the yellow lines and briefly crossing into the right-hand turn lane did not signal that she was driving while impaired. Ward also contends her weaving was neither erratic nor sudden enough to prompt the officer to stop her vehicle.

The State asserts Officer Gallagher had reasonable suspicion that Ward was driving while impaired, which justified the traffic stop. "[T]he State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). Mere suspicion is not enough. *Id.*

The State claims the nature of Ward's driving—viewed through Officer Gallagher's OWI training and experience—warranted an investigatory stop. The State urges that her act of crossing into the right-hand turn lane and touching the yellow center line gave the officer reason to believe she may have been intoxicated. Ward argues her imperfect driving, like the scenario in *Tague*, was an isolated incident that did not prompt reasonable suspicion. *See id.* at 205 (reasoning that "any vehicle could be subject to an isolated incident of briefly crossing an edge line of a divided roadway without giving rise to the suspicion of intoxication or fatigue"). But unlike *Tague*, Ward's drifting across her lane was not an isolated incident. Officer Gallagher's dashcam footage displays Ward weaving within her lane more than once—as well as crossing into a neighboring lane for as long as five seconds.

We have long maintained that weaving within one's lane may signify a driver is intoxicated. *State v. Tompkins*, 507 N.W.2d 736, 740 (Iowa Ct. App. 1993). True, not every instance of weaving will give rise to reasonable suspicion. *State v. Otto*, 566 N.W.2d 509, 511 (Iowa 1997). Instead, we review each case on its facts. *Id.* Here, Ward swerved in her lane at least two times. She touched and nearly crossed the center line dividing north and southbound traffic more than once. And Ward ventured into the right-hand turning lane.

Moreover, the late hour—11:05 p.m.—alerted Officer Gallagher that the driver might have consumed alcoholic beverages. *See State v. Kreps*, 650 N.W.2d 636, 646 (Iowa 2002) (considering time of day along with other suspicious circumstances when deciding whether an investigatory stop was justified). Although the officer acknowledged that the area where Ward was driving was not

near drinking establishments, a bar is not the only place where one can consume alcohol. All the facts, taken together, would allow a reasonable officer to suspect impaired driving.

Given the totality of circumstances, we conclude Officer Gallagher had reasonable suspicion that Ward was impaired. Because we have determined the investigatory stop was proper, we need not address the probable cause issue. The district court correctly denied Ward's motion to suppress. We affirm her conviction.

**AFFIRMED.**